UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                           Case No. 25-CR-20286
                                                                             HON. MARK A. GOLDSMITH

KEVIN DACE,

      Defendant.

_____/

### OPINION & ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER (Dkts. 35 and 38)

#### I.      BACKGROUND

Charged with Felon in Possession of Ammunition, under 18 U.S.C. § 922(g)(1), Defendant Kevin Dace moves for revocation of his detention order (Dkts. 35 and 38).  At a detention hearing held by the magistrate judge on June 12, 2025, Dace was ordered detained pending trial, with his consent.  Detention Order at PageID.14 (Dkt. 10).  The detention order was in accord with the recommendation of Pretrial Services that no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community.

Some six months later, on January 16, 2026, Dace filed a motion (followed by an amended motion) for revocation of the detention order.  (Dkts. 35 and 38).[1]  A hearing on the motions was held on April 15, 2026 before the district judge.  In an updated addendum to its report, Pretrial Services reiterated its detention recommendation.

---

[1]The briefing includes the Government's response to the motion (Dkt. 37); Dace's reply (Dkt. 49); Dace's amended motion (Dkt. 38); the Government's amended response (Dkt. 39); and Dace's reply (Dkt. 53).

According to the Government, on January 28, 2023, outside an illegal bar in Detroit, Dace allegedly shot and robbed Mr. D.G. ("Rico").  The entire incident was captured on the bar's surveillance cameras.  As seen on video, a person whom the Government asserts is Dace surreptitiously pulled a gun on Rico outside the bar.  At the last moment, Rico blocked the shooter's arm while the gun was pointed in the air as the firearm discharged.  However, as Rico struggled with the shooter to protect himself, the shooter fired another shot.  Rico was struck in the lower left leg when the bullet ricocheted off the ground.  The shooter held the gun in his right hand as he made Rico empty his pockets and picked up an item jettisoned by Rico.

According to the Government, Rico was struck in the lower leg and drove himself to Providence Hospital.  After interviewing Rico at the hospital, police returned to the location of the shooting outside the bar and found two-10 mm spent casings along with blood on the ground.  According to the Government, ATF has opined that the spent 10 mm casings meet the definition of ammunition and were manufactured outside the State of Michigan.  The MSP lab determined both casings were fired from the same gun.

## II.    ANALYSIS

The Court may review the magistrate judge's order detaining a defendant.  18 U.S.C. § 3145(b).  That review is de novo.  United States v. Koubritti, No. 01-80778, 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001).  The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."  18 U.S.C. § 3142(e).  The Government has the burden of proof, by clear and convincing evidence, that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community.  United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985).  The Government has the burden to establish,

by the preponderance of the evidence, that the person's presence at future proceedings cannot be reasonably assured. United States v. Hinton, 113 F. App'x 76, 77 (6th Cir. 2004).

The district court must make findings based on the following factors: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the person; (iii) the history and characteristics of the person; and (iv) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

Based on the proffered evidence submitted by the parties, including the June 12, 2025 Pretrial Services report and the April 14, 2026 addendum, the Court makes the following findings.

As to the nature and circumstances of the offense charged, Dace is charged with a serious offense, given the risk of harm that possession of ammunition creates. See United States v. Watkins, 940 F.3d 152, 163 (2d Cir. 2019) ("[T]here is little reason to possess ammunition other than to eventually discharge it from a firearm…[a]nd where there is a firearm, the risk that physical force will occur in the course of the ammunition-possession offense is substantial.") (punctuation modified). The video of the alleged offense confirms this, as a victim was struck by a bullet and at least one other bystander was at risk of harm. This factor weighs against Dace.

As for the weight of the evidence, this factor goes to the weight of the evidence of dangerousness and risk of flight—not the evidence of defendant's guilt as to the charged offense. United States v. Stone, 608 F.3d 939, 948 (6th Cir. 2010).

The weight of the evidence for dangerousness is established by the video of the incident in January 2023, arguably depicting Dace in possession of a firearm that he used against an unarmed man, in a public setting, putting that individual and an innocent female bystander at risk of harm. As the Pretrial Services report confirms, Dace also has at least 13 prior convictions for several state-law offenses, including: domestic violence, attempted carrying a concealed weapon, resisting

3

police, possession of controlled substances, conspiracy to deliver controlled substances, fleeing police, and assaulting police.

The weight of the evidence for Dace's risk of non-appearance is demonstrated by the eighteen warrants issued for his failure to appear for court proceedings in other cases. Of those 18 warrants noted in the June 12, 2025 report, at least 11 remain currently active, as reflected in the addendum to the report.

The "weight of evidence" factor weighs against Dace.

The "history and characteristics of the person" factor is concerning. As noted in the Pretrial Services report, Dace, who is only 34, has a long criminal history dating back to his first domestic violence conviction at age 19, drug trafficking convictions from 2016 and 2018, and a recent federal indictment from West Virginia charging him for drug trafficking activity in 2023. Dace has consistently placed himself on the wrong side of the law. This factor weighs against him.

Regarding the danger posed by Dace's release, he has a history of serious crimes involving violence (domestic assaults), drug activity, possession of firearms, destruction of property, and resisting police. This factor weighs against Dace.

Based on the parties' submissions and the Pretrial Services report, the Court finds by a preponderance of the evidence that Dace is a flight risk. The Court further finds that there is clear and convincing evidence that he is a danger to the community. No condition or combination of conditions can address these concerns.

### III. CONCLUSION

Dace's motions for revocation of detention orders (Dkts. 35 and 38) are denied.

**SO ORDERED.**

Dated: May 15, 2026　　　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager