UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                             Case No. 25-CR-20286
                                             HON. MARK A. GOLDSMITH

KEVIN DACE,

      Defendant.

_____/

## OPINION & ORDER DENYING DEFENDANT'S RENEWED ORAL AND SUPPLEMENTAL MOTIONS FOR BOND (Dkt. 76)

The matter before the Court is Defendant Kevin Dace's oral and supplemental motion for bond (Dkt. 76).[1] For the reasons stated below, the Court denies the motion.

On April 23, 2025, an Indictment was filed against Dace alleging one count of Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Dkt. 1). According to filings and arguments by the Government (Dkt. 71), there is a video showing Dace in possession of a firearm and shooting an unarmed man, in a public setting, injuring that individual and putting an innocent female bystander at risk of harm.

At a detention hearing before a magistrate judge, held on June 12, 2025, Dace consented to detention, resulting in his being detained pending trial (Dkt. 10). In the initial bond report, Pretrial Services recommended detention and stated, "There is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community."

---

[1] The briefing also includes the Government's written response to the oral motion (Dkt. 71) and the Government's supplemental response (Dkt. 75).

1

Some six months later, on January 16, 2026, Dace filed a motion for revocation of his detention order (Dkt. 35).[2]  In an updated addendum to the bond report prepared in anticipation of the hearing, Pretrial Services reiterated that, "[t]here is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community."

This Court agreed in a May 19, 2026 order denying Dace's motion (Dkt. 59).  After reviewing the 18 U.S.C. 3142(g) factors, the Court found all the factors weighed against Dace.  Id. The Court found by a preponderance of the evidence that Dace is a flight risk.  Id.  The Court further found that there was clear and convincing evidence that he is a danger to the community, and that no condition or combination of conditions could address these concerns.  Id. at PageID.223.

The current bond motion apparently was prompted by the recent superseding indictment, returned on July 1, 2026, charging Dace with felon in possession of a firearm.  The superseding indictment was secured after the Government had received a report from the Michigan State Police showing that the gun allegedly used by Dace was found to have discharged the bullets whose casings were found at the shooting location.  In addition to challenging the superseding indictment by way of a motion to dismiss (Dkt. 64), Dace made an oral motion for bond, which was followed by a written motion for bond (Dkt.76).  Pretrial Services updated their bond report.  The report found that, although some of Dace's outstanding warrants out of the 36th District Court relating to traffic violations are no longer pending, there remain multiple warrants pending for Dace's arrest.  These include local warrants for probation violations and failures to appear.  In addition,

---

[2] The briefing for that motion also included: the Government's response (Dkt. 37); Dace's amended motion. (Dkt. 38); the Government's response to the amended motion. (Dkt. 39); Dace's reply (Dkt. 49); and Dace's amended reply (Dkt. 53).  A hearing on the motion was held on April 15, 2026.

2

there are two active extradition warrants for Dace's arrest for state and federal cases in West Virginia, involving allegations of kidnapping, robbery in the first degree, burglary, use of a firearm in the commission of a felony, conspiracy to commit a felony, conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and conspiracy to possess with intent to distribute 40 grams or more of fentanyl (Dkt. 71-1; Dkt. 39-1).

The Court first notes that the return of a superseding indictment does not entitle a defendant to a detention hearing.  United States v. Arhebeman, No. 02-cr-80761, 2003 U.S. Dist. 2006 WL 3333146 at *26–27, (E.D. Mich. Nov. 16, 2006).  Given that Dace is not entitled to a detention hearing, the Court will review this matter as a renewed motion for bond.

The Bail Reform Act allows a defendant to request reconsideration of his detention at any time.  See 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.").  But hurdles must be surmounted when a defendant has lost an earlier bond motion.

 "A detention hearing may be reopened if (1) new information exists that was unknown to the movant at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community.  18 U.S.C. § 3142(f)(2)(B). In other words, the new information must increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community."  United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012).

Dace fails to offer any significant new evidence.  Clearing up traffic warrants does not begin to address the flight and publicly safety risk he presents.  Nor does adjournment of the trial in light of the superseding indictment.  True, Dace faces additional time until his trial can be held,

but that does not address the flight and safety risk concerns.  And the Court is endeavoring to reschedule the trial, as soon as the defense can locate a ballistics expert to counter the new indictment.[3]

Dace's motion for revocation of detention order is denied (Dkt. 76).

**SO ORDERED.**

Dated: July 23, 2026                                    s/Mark A. Goldsmith
Detroit, Michigan                                       MARK A. GOLDSMITH
                                                        United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2026.

                                                        s/Joseph Heacox
                                                        JOSEPH HEACOX
                                                        Case Manager

---

[3] Additionally, at the time of his oral motion and in his supplemental motion, Dace offers to be subjected to the most restrictive bond conditions, such as wearing a steel tether.  However, as pretrial services informed the Court at the hearing, a steel tether is not an available option.  So this is not a valid consideration.